UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT PLAN<br><br>Plaintiffs/Judgment Creditors,<br>v.<br><br>APEX ELEVATOR CO., INC. AND ANTHONY TEMPLETON<br>Defendants/Judgment Debtors,<br><br>v.<br><br>PARKWAY ELEVATORS, INC.,<br>Citation-Respondent. | Hon. Edmond E. Chang<br><br>No. 18 CV 949 |

\
**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT AND TURNOVER ORDER**

NOW COME the Plaintiffs, TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401 (K) RETIREMENT PLAN (collectively referred to as "Funds"), and for their post-judgment motion to enter judgment against and order Parkway Elevators, Inc. ("Parkway") to turn over the sum of $25,237.83, state as follows:

1. Defendants, Apex Elevator Co., Inc. ("Apex") and Anthony Templeton (collectively "Defendants"), are indebted to the Funds for fringe benefit contributions, liquidated damages, interest, and attorneys fees.

2. Judgment was entered in favor of Plaintiffs and against Defendants in the United States District Court For The Eastern District of Pennsylvania on the 21st day of December, 2017 in the aggregate sum of $113,274.38 all of which remains unsatisfied. The judgment was

registered in the United States District Court For The Northern District of Illinois on February 5, 2018.

3. Funds are Trustees of various pension, welfare and other funds and have a fiduciary duty to collect contributions that are owed to them. To collect on the judgments entered against Defendants, Funds served a Third Party Citation to Discover Assets ("Citation") and Citation Notice upon Parkway. A genuine copy of the Citation and Citation Notice, which was issued on February 22, 2018 and subsequently served on Parkway, is attached hereto as Group Exhibit A. A copy of the Citation and Citation Notice was served upon Defendants on February 22, 2018. See attached Exhibit B.

4. In response to the Citation, Parkway indicated that it has two current subcontractor agreements with Apex. Parkway also stated that Apex has invoiced and Parkway has approved and is waiting to process payments in the amount of $25,237.83. See attached Exhibit C. Parkway indicated that payment in the amount of $25,237.83 would have been sent to Apex had it not been for receipt of the Citation. See attached Exhibit D. Parkway further stated that that Apex provided quotes that have been released by Parkway for work approval to Apex but cannot yet be approved for payment due to lack of confirmation of work completion, insufficient paperwork, etc. in the amount of $35,329.05. See attached Exhibit C.

5. Pursuant to Federal Rule of Civil Procedure 69(a), the procedure on execution and proceedings supplementary to and in aid of a judgment shall be in accordance with the practice and procedure of the state in which the district court is held. In accordance with supplementary proceedings that exist in the State of Illinois, 735 ILCS 5/2-1402(c)(4)(6), when assets of the judgment debtor are not exempt from the satisfaction of a judgment are demanded, the court is empowered by appropriate order or judgment to:

(a) Enter any order upon judgment against the person cited that could

     be entered in any garnishment proceeding and

  (b)  Authorize the judgment creditor to maintain an action against any person or corporation that it appears upon proof satisfactory to the court, is indebted to the judgment debtor, for the recovery of the debt, forbid transfer of other disposition of the debt until an action can be commenced and prosecuted to judgment, direct that the papers or proof in the possession or control of the debtor and necessary in the prosecution of the action be delivered to the creditor or impounded in court, and provide for the disposition of any monies in excess of the sum required to pay the judgment creditor's judgment and costs allowed by the court.

  6.  To enforce a money judgment, Fed.R.Civ.P. 69(a)(1) "instructs the court to utilize the practice and procedure of the state in which the district court is located for guidance." Laborers' Pension Fund v. Dirty Work Unlimited. Inc., 919 F.2d 491, 494 (7th Cir.1990). In light of Rule 69(a), Illinois law governs actions by judgment creditors to recover funds owed by a third party to the judgment debtor. See Lawyers Title Ins. Corp. v. Dearborn Title Corp., 939 F.Supp. 611, 615 (N.D.Ill.1996). Under Illinois law, 735 ILCS § 5/2-1402(b)(3), courts are empowered to compel a third party indebted to the judgment debtor to deliver up assets discovered pursuant to a citation if those assets are held under circumstances in which the judgment debtor could recover them in an appropriate action. Bentley v. Glenn Shipley Enterprises, 248 Ill.App.3d 647, 651, 189 Ill.Dec. 115, 619 N.E.2d 816 (4th Dist.1993); see Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir.1993).

  7.  To enforce a money judgment, Fed.R.Civ.P. 69(a)(1) "instructs the court to utilize the practice and procedure of the state in which the district court is located for guidance." Laborers' Pension Fund v. Dirty Work Unlimited. Inc., 919 F.2d 491, 494 (7th Cir.1990). In light of Rule 69(a), Illinois law governs actions by judgment creditors to recover funds owed by a third party to the judgment debtor. See Lawyers Title Ins. Corp. v. Dearborn Title Corp., 939 F.Supp. 611, 615 (N.D.Ill.1996). Under Illinois law, 735 Ill. Comp. Stat.. § 5/2-1402(b)(3), courts are empowered

to compel a third party indebted to the judgment debtor to deliver up assets discovered pursuant to a citation if those assets are held under circumstances in which the judgment debtor could recover them in an appropriate action. Bentley v. Glenn Shipley Enterprises, 248 Ill.App.3d 647, 651, 189 Ill.Dec. 115, 619 N.E.2d 816 (4th Dist.1993); see Resolution Trust Corp. v. Ruggiero, 994 F.2d 1221, 1226 (7th Cir.1993).

8. When a judgment creditor directs a citation to discover assets against a third party, the citation becomes a lien "upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation." 735 ILCS § 5/2-1402(m)(2). If the record contains some evidence that the third party possesses assets of the judgment debtor, the court has jurisdiction to order that party to produce those assets to satisfy the judgment. Ericksen v. Rush Presbyterian St. Luke's Med. Ctr., 289 Ill.App.3d 159, 166-67, 224 Ill.Dec. 518, 682 N.E.2d 79 (1st Dist.1997) (citing Lanpe v. Misch, 232 Ill.App.3d 1077, 1081, 174 Ill.Dec. 215, 598 N.E.2d 412 (4th Dist.1992).

9. A draft Order is attached hereto as Exhibit E.

WHEREFORE, Plaintiffs move this Honorable Court to:

A. Enter Judgment against Parkway Elevators, Inc. in the amount of $25,237.83,

B. Order Parkway Elevators, Inc. to immediately turn over the sum of $25,237.83 to Plaintiffs' attorney, Joseph P. Berglund, Law Offices Of Joseph P. Berglund, P.C. 1010 Jorie Boulevard, Suite 370, Oak Brook, Illinois in a check made payable to NEI Benefit Plans,

C. Retain jurisdiction over Parkway Elevators, Inc., and

D. Award Funds such other relief deemed just and equitable.

Respectfully submitted,

TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, EDUCATIONAL, ELEVATOR INDUSTRY WORK PRESERVATION FUNDS, ELEVATOR CONSTRUCTORS ANNUITY AND 401 (K) RETIREMENT PLAN


By: /s/Joseph P. Berglund


Attorney for Plaintiffs/Judgment Creditors
Joseph P. Berglund
LAW OFFICES OF JOSEPH P. BERGLUND, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, IL 60523
(630) 990-0234
Email: berglundmastny@aol.com